# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSE PENA,

    Petitioner,

v.

DEBORAH COOPER, Warden,

    Respondent.

CASE NO. 2:08-cv-195
JUDGE SMITH
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On May 12, 2009, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On July 6, 2009, the Court denied petitioner's motion for reconsideration. This matter now is before the Court on petitioner's motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal. For the reasons that follow, petitioner's motion for appealability, Doc. No. 22, is **GRANTED**, in part and **DENIED**, in part. His request to proceed *in forma pauperis* on appeal, Doc. No. 20, hereby is **GRANTED.** Petitioner's motion for appellate counsel, Doc. No. 23 is **DENIED**. Petitioner may seek the appointment of appellate counsel from the United States Court of Appeals for the Sixth Circuit.

Petitioner seeks a certificate of appealability on habeas corpus claims three and four, wherein he asserts as follows:

> 3. The trial court erred when imposing additional twenty year sentence enhancement upon appellant after Ohio Supreme Court mandated appellant be resentenced because the major drug offender statute enhancement phases is unconstitutional and severed the statutes R.C.§2929.14(D)(2)(b) and (D)(3)(b).
>
> 4. The trial court erred when sentencing appellant to a major drug offender specification once statute to enhance sentence has been severed whereupon said statute required judicial factfinding to

> enhance sentence and to resentence appellant without such findings
> violates the Ex Post Facto Clause giving rise to a direct violation of
> the United States Constitution Fourteenth Amendment right to due
> process and equal protection of law.

On May 12, 2009, the Court dismissed the foregoing claims on the merits. Petitioner also appears to indicate that he is requesting a certificate of appealability on the Court's July 6, 2009, denial of his motion for reconsideration. See Notice of Appeal, Doc. No. 21.

As an initial matter, petitioner's July 20, 2009, notice of appeal of the Court's May 12, 2009, denial of habeas corpus claims three and four appears to be timely. Pursuant to Rule 4(a)(4)(A)(ii), (iv) of the Federal Rule of Appellate Procedure, the thirty day time period for filing a notice of appeal begins to run from the July 6, 2009, the date that this Court denied petitioner's motion for reconsideration.

In regard to the Court's denial of petitioner's motion for reconsideration, where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural
> ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

In regard to the Court's dismissal of habeas corpus claims three and four on the merits, when

a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel, supra*. To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n. 4....

*Id.*

Upon review of the record, the Court concludes that reasonable jurists could debate whether habeas corpus claim four, in which petitioner asserts that his sentence violated the Ex Post Facto Clause, should have been resolved in a different manner; however, the Court is not persuaded that petitioner has established either reasonable jurists would debate whether claim three should have been resolved in a different manner, or whether this Court properly denied petitioner's motion for reconsideration.

Therefore, petitioner's request for a certificate of appealability is **GRANTED**, solely on this Court's dismissal on the merits of habeas corpus claim four. Petitioner's request is otherwise **DENIED.**

The Court certifies the following issue for appeal:

Did petitioner's sentence violate the Ex Post Facto Clause?

The Court must also address petitioner's request to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, see *Kincade v. Sparkman,* 117 F.3d 949 (6th

Cir.1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Upon a review of petitioner's affidavit of indigency, the Court concludes that he cannot. His request for leave to proceed *in forma pauperis* on appeal, Doc. No. 20, therefore is **GRANTED.**

In sum, petitioner's motion for appealability, Doc. No. 22, is **GRANTED**, in part and **DENIED,** in part. His request to proceed *in forma pauperis* on appeal, Doc. No. 20, is **GRANTED.** Petitioner's motion for appellate counsel, Doc. No. 23 is **DENIED**. Petitioner may seek the appointment of appellate counsel from the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

\s\ George C. Smith

GEORGE C. SMITH
United States District Judge